UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AVERY ANTHONY** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2741** |
| **UNITED FINANCIAL CASUALTY COMPANY, ET AL.** | **SECTION I** |

# ORDER

This case arises out of a car accident in Orleans Parish. Avery Anthony ("plaintiff") filed the complaint in this matter in Civil District Court for the Parish of Orleans against defendants United Financial Casualty Company ("United"); GEICO Indemnity Company ("GEICO"); Portier, LLC ("Portier"), and Angel Pendleton ("Pendleton").[1] The complaint states that, on or about September 17, 2023, plaintiff was operating a vehicle in Orleans Parish when Pendleton "made a U-turn and crossed over the median/neutral ground and crashed into plaintiff."[2] Plaintiff seeks to hold Pendleton liable for negligence, and it seeks to hold Portier liable as Pendleton's employer.[3] GEICO and United are named as the insurers of Pendleton and Portier.[4]

---

[1] R. Doc. No. 3-2, at 7.
[2] *Id.* at 7–8.
[3] *Id.* at 8–9.
[4] *Id.* at 10.

On November 25, 2024, United and Pendleton removed[5] this action to the U.S. District Court for the Eastern District of Louisiana. To date, the Court has yet to receive responsive pleadings from Portier or Pendleton.

Meanwhile, on December 27, 2024, GEICO filed a motion for summary judgment with respect to the claims against it. GEICO argues that it is entitled to summary judgment because its insurance policy does not provide coverage to Pendleton "while the car was used for ridesharing."[6] It further states that Portier admitted that Pendleton was logged into the driver version of the Uber app at the time of the accident and that there is thus no genuine dispute of material fact that the GEICO policy excludes coverage.[7] GEICO provides no documentation of an admission by Portier that Pendleton was logged onto its platform at the time of the accident. GEICO does submit an admission by United stating that Pendleton was a "an independent, third party driver who licensed the UberEats platform."[8] However United likewise states that it is not the best source of this information.[9]

In the Fifth Circuit, courts may deny a motion for summary judgment as premature. *See, e.g., Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 890 (5th Cir. 2010) (reversing a partial grant of summary judgment as premature because the parties had not had an opportunity for discovery and the facts were "too undeveloped to make the necessary factual findings with any certainty"). Because the parties have

---

[5] R. Doc. No. 3.
[6] R. Doc. No. 5-1, at 1–2.
[7] R. Doc. No. 5-1, at 4.
[8] R. Doc. No. 5-3, at 1.
[9] *Id.*

not been provided with the opportunity to conduct discovery, the Court has not received responsive pleadings from Portier or Pendleton, and the Court has not yet held a scheduling conference or issued a scheduling order, the Court concludes that GEICO's motion for summary judgment is premature. Furthermore, the Court cannot conclude that there are no genuine issues of material fact with respect to whether the GEICO policy exclusion applies due to Pendleton's alleged employment actions when Pendleton has not filed an answer to the complaint. Accordingly,

**IT IS ORDERED** that GEICO's motion is hereby **DISMISSED WITHOUT PREJUDICE** as premature, reserving the right of the party to refile at a later date, if necessary.

New Orleans, Louisiana, January 7, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**